IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| CHET J. LANDRY | § |
| VS. | § CIVIL ACTION NO. 1:06cv513 |
| MITCH WOODS | § |

## MEMORANDUM OPINION

Chet J. Landry, an inmate at the Jefferson County Correctional Facility, proceeding *pro se* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Factual Allegations

Petitioner states he has been incarcerated at the Jefferson County Correctional Facility since October 13, 2003. He complains that the bail set by the 252nd District Court is excessive. He also asserts he has been denied his right to a speedy trial.

## Analysis

*Excessive Bail*

The respondent has provided the court with an order entered by the 252nd District Court on March 5, 2007. The order reduced the amount of petitioner's bail to $50,000 per charge. Petitioner has not notified the court that he considers the reduced bail amount to be excessive.

As petitioner's bail has been reduced, he has, with respect to this claim, received the relief sought.  His claim with respect to excessive bail is therefore moot.[1]

*Speedy Trial*

A district court has the authority to grant a writ of habeas corpus if the petitioner is in custody under the authority of the United States or if he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(1),(3).  Although the statute does not explicitly require prisoners to exhaust available state remedies before filing a Section 2241, petition, the United States Court of Appeals for the Fifth Circuit has held prisoner must exhaust available state remedies before seeking habeas relief under Section 2241.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

The respondent states petitioner has not filed any documents in state court asserting his right to a speedy trial.  Petitioner has not contested this statement.  As petitioner has not attempted to exhaust his state court remedies with respect to his

---

[1] If petitioner believes the reduced amount of bail is still excessive, he should file a motion asking the court to reconsider its decision.

speedy trial claim, this claim will be dismissed as unexhausted. Petitioner will be free to reassert his speedy trial claim after exhausting his state court remedies.

## O R D E R

For the foregoing reasons, this petition for writ of habeas corpus will be dismissed without prejudice. An appropriate final judgment shall be entered.

**SIGNED** this the **13** day of **March, 2008.**

_____
Thad Heartfield
United States District Judge